## S. PATTI CONST. CO., Inc., v. UNION PAC. R. CO. (two cases).

### Nos. 4687, 4688.

District Court, W. D. Missouri, W. D.
Dec. 6, 1947.

See also 72 F.Supp. 101.

A. E. Bazan, of Kansas City, Mo., for plaintiff.

Watson, Ess, Barnett, Whittaker & Marshall, of Kansas City, Mo., for defendant.

REEVES, District Judge.

Heretofore the defendant filed its motion for summary judgment and such motion was denied. Thereafter the plaintiff filed a motion for a summary judgment and a hearing was had on said motion. At that time the records appeared to be in such shape that the court took the case under advisement and in effect set aside the order overruling the defendant's motion and reinstated it so that both motions might be considered at the same time and together.

It is provided by paragraph (c) of said Rule 56 that:

"The judgment sought shall be rendered forthwith *if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that, * * * there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.*"

Neither party filed affidavits, depositions were not taken, and no substantial admissions were made as to facts.

By paragraph (d) of said rule it is provided that:

"If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, *the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted.* It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just."

It appears from the briefs and arguments of the parties, rather than from information gathered by interrogating counsel, that, in the series of shipments made to plaintiff as stated in his complaint numbered 4687, between September 18, 1944 and October 24, 1944, and, as appears from his complaint numbered 4688, between July 14, 1944 and September 16, 1944 (there being ten cars in each series of shipments) the freight tariffs imposed and collected were on the actual weight of the article shipped (lumber) rather than on a minimum weight basis. Apparently it is the contention of the plaintiff that he was entitled to make such shipments upon a minimum weight basis in each car and that the defendant wrongfully exacted of him tariffs according to weight. It further appears that the plaintiff reached this conclusion from the reading of prescribed tariffs and particularly Items 70 and 90. The pertinent portions of Item 90 are that, "unless otherwise provided by this tariff, freight charges should be assessed on weights obtained, etc."

The plaintiff apparently contends that it was otherwise provided in the tariffs by Item 70, which is as follows:

"Way-billing agents at point of origin or at point where stopped to finish loading must note on the waybill: 'Car Loaded to Full Visible Capacity, as Per Tariff, and So Certified to by Shippers,' *and must show on the waybill the minimum weight applicable; such notation shall be accepted by receiving agent as authority to use such minimum as basis for collection of charges, * * *.*"

Because of this language, plaintiff believes that only minimum tariff charges should be exacted upon these shipments. However, Item 70 continues as follows: "unless actual weight is greater, in which case charges shall be based on actual weight; * * *."

While the bills of lading were not presented, yet it shows in the briefs of counsel, and this apparently is not denied by the plaintiff, that the actual weights were very greatly in excess of the minimum weight, and that the tariff actually collected was upon such actual weight.

In the light of these apparently undisputed facts the motion of the defendant for judgment on the pleadings should have been and now should be sustained. Such an order will not now be made for the reason that the pleadings and the evidence before the court would not warrant such action. However, as authorized by the provisions of the rule, the parties are directed to present to the court, either informally or at a hearing, the bills of lading

issued upon the shipments in question, and then it may be determined whether or not the tariffs collected conform to the actual weights. At the same time the plaintiff will be afforded an opportunity to say whether or not he relies on the minimum weight provision of the tariff as a basis for his suit. If it shall then appear that the defendant exacted a tariff conformable only to the actual weight, and the actual weight was as stated in the bills of lading, judgment should be rendered in favor of the defendant on its motion.

The parties will appear on Monday, December 15th, to make such further statement or representation in the light of the above as they may deem proper. Copy of this memorandum will be furnished to the parties on each side.